IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12127-E

_____

JUSTIN LASTER,

　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant,

versus

KRYSTAL COMPANY, et. al.,

　　　　　　　　　　　　　　　　　　　　　　　　　　Defendant-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Georgia

_____

ORDER:

　　　　Justin Laster filed a *pro se* civil complaint against his former employer, The Krystal Company and Krystal Holdings, Inc. ("K & K"), and Thomas and Thomgreen, Inc., ("T&T") an agent of K & K, in Georgia court, on March 8, 2011, based on events surrounding his termination. Furthermore, he alleged that, during his unemployment claim proceedings, K & K and T & T defamed his character in violation of the Fair Labor Standards Act ("FLSA") and other unidentified "employment protection laws."

K & K and T & T removed the case to federal court, answered the complaint, and then moved for summary judgment, pursuant to Fed.R.Civ.P. 56, asserting that, Laster had settled a previous FLSA action in 2010 ("the 2010 action"). As part of that settlement, which he signed on March 4, 2011, and which the district court approved on March 9, he agreed to release K & K and their agents from "any and all claims, known or unknown, which he . . . ha[s] or may have against them." He also more specifically released K & K and their agents from "any and all claims, liability and causes of action arising out of his employment with Krystal, and the termination of that employment." K & K and T & T both argued that the release in the 2010 action barred the claims in the instant case.

The district court found that the release barred Laster's instant claims, and granted the motions for summary judgment. It also denied Laster leave to proceed on appeal *in forma pauperis* ("IFP"). Laster now seeks leave to proceed on appeal IFP from this Court. Because Laster seeks leave to proceed, his appeal is subject to a frivolity determination. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it is without arguable merit either in law or fact. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

This Court reviews *de novo* a grant of summary judgment, viewing the evidence, and drawing all reasonable inferences, in the light most favorable to the non-moving party. *Rodriguez v. Sec'y for the Dep't of Corr.*, 508 F.3d 611, 616 (11th Cir. 2007). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

This Court uses the applicable state's contract law to construe and enforce settlement agreements. *Ins. Concepts, Inc. v. W. Life Ins. Co.*, 639 F.2d 1108, 1111-12 (5th Cir. Mar. 1981). Under Georgia law, "[a] release or settlement agreement is a contract subject to construction by the

2

court." *Darby v. Mathis*, 212 Ga. App. 444, 441 S.E.2d 905, 906 (Ga.App.1994). Nonetheless, "no construction of the contract is ... permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation." *Sakas v. Jessee*, 202 Ga. App. 838, 415 S.E.2d 670 (Ga.App.1992).

Here, Laster maintains for the first time before this Court that the release does not bar the instant case because it was not approved by the district court until March 9, 2011, and he filed the instant case on March 8. This argument is meritless. The plain language of the release in the settlement agreement of the 2010 action released K & K and its agents, which includes T & T, from "any and all claims, liability and causes of action arising out of [Laster's] employment with Krystal, and the termination of that employment." There is nothing in the language to limit the phrase "any and all claims" to claims filed after March 9, 2011. Therefore, even assuming, *arguendo*, that Laster was not bound by the agreement until March 9, on that date, he released the defendants from "any and all claims," including the one that he had filed the previous day. The district court, therefore, correctly determined that the release in the 2010 action barred the claims in the instant case, and so granted summary judgment to the defendants. Accordingly, leave to proceed on appeal IFP is DENIED because the appeal is frivolous. *See Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983).

*/s/ Frank M. Hull*
UNITED STATES CIRCUIT JUDGE

3

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 24, 2012

Justin Laster
2014 ARMORY DR
AMERICUS, GA 31719

Appeal Number: 12-12127-E
Case Style: Justin Laster v. Krystal Company, et al
District Court Docket No: 1:11-cv-00081-WLS

The following action has been taken in the referenced case:

The enclosed order has been ENTERED.

Pursuant to Eleventh Circuit Rule 42-1(b) you are hereby notified that upon expiration of fourteen (14) days from this date, this appeal will be dismissed by the clerk without further notice unless you pay to the DISTRICT COURT clerk the $450 docket and $5 filing fees (total of $455), with notice to this office.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Gloria M. Powell, E
Phone #: (404) 335-6184

MOT-2 Notice of Court Action